Filed 4/12/22  P. v. Williams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR LEON WILLIAMS, III,<br><br>    Defendant and Appellant. | B313049<br><br>(Los Angeles County<br>Super. Ct. No. KA122091) |

APPEAL from judgment of the Superior Court of Los Angeles County.  Mike Camacho, Judge.  Conditionally reversed in part and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Arthur Leon Williams III appeals from a final judgment entered after a no contest plea to misdemeanor possession of a controlled substance under Health and Safety Code section 11377, subdivision (a), for which he was placed on one year summary probation, subject to credit for one day time served, narcotics conditions, and minimum fines. His sole contention on appeal is that the trial court erred in denying his discovery motion filed pursuant to Evidence Code section 1043 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (a *Pitchess* motion), in advance of his motion to suppress evidence. We agree, conditionally reverse the judgment, and remand for further proceedings as set forth herein.

## BACKGROUND

Officer Rodney Cavanaugh and his partner, Officer Gribben, were patrolling the area around Willie White Park in Pomona late one night in May of 2019 when they encountered a parked car with three men inside. Officer Cavanaugh used the spotlight mounted on the exterior of his police cruiser to illuminate the inside of the car. The men in the car were Williams, Anthony Tucker, and a third man. Officer Cavanaugh testified that he immediately recognized Tucker from prior contacts and knew that he was on probation for a weapons violation and subject to a search condition.[1] On this basis, he and his partner exited their cruiser to conduct a probation search of the car.

---

[1] There is no dispute as to whether Tucker was on probation for a weapons violation and subject to a search condition. As discussed in detail below, Williams does dispute that Officer Cavanaugh immediately recognized Tucker.

The officers removed the men from the car and then asked them whether there was any contraband inside. Williams told Officer Cavanaugh that PCP was hidden in a child seat in the rear of the car. Officer Cavanaugh asked Williams to retrieve that PCP and Williams complied. Officer Cavanaugh then asked whether there was any more PCP in the car and Williams told him that there was more in the trunk, which Officer Cavanaugh located. Williams was arrested and charged with felony violations of Health and Safety Code sections 11378.5 and 11379.5, subdivision (a).

In October of 2020, Williams filed his *Pitchess* motion, seeking information from Officer Cavanaugh's personnel records pertaining to his "characters for honesty and integrity," including accusations of, among other things, "filing false police reports." In support of the motion, Williams's counsel averred that Officer Cavanaugh's report of the incident contained four false statements as follows: (a) contrary to the report that Officer Cavanaugh's body camera was on "throughout the duration of the investigation," it was activated only at some point after the initial encounter ; (b) contrary to the report that Williams's car was parked on the east side of the park, it was actually on the street bordering the park to the east on the side of the street opposite the park ; (c) contrary to the report that Williams or the other occupants of the car were smoking cigarettes, they were not ; and (d) contrary to the report that Officer Cavanaugh immediately recognized Tucker, Officer Cavanaugh "could not have immediately observed Mr. Tucker from his position."

3

Counsel's affidavit purported to attach the police report but apparently failed to do so. However, at the hearing, the trial court[2] elicited further information from Williams's counsel and the deputy district attorney concerning the contents of the police report and the circumstances surrounding the arrest. Importantly, counsel provided additional information about the relative positioning of Williams's car and the police cruiser and where Williams and Tucker were seated in Williams's car. She further explained the relevance of this information to her theory that Officer Cavanaugh detained Williams without reasonable suspicion.

The trial court denied the motion. In its view, the misstatements alleged were not material to establish a defense to the charged conduct and Williams failed to lay a plausible factual foundation for his defense.

In March of 2021, Williams filed a motion to suppress evidence, which the trial court heard in May. At the hearing the trial court indicated that at least a portion of the evidence against Williams would be admissible. Thereafter, the parties reached an agreement whereby the People added a misdemeanor charge for violation of Health and Safety Code section 11377 to which Williams pleaded no contest. The trial court suspended any sentence, placed Williams on a one-year summary probation, and dismissed the original felony charges against him.

This appeal followed.

---

[2] The *Pitchess* hearing was conducted by Judge Steven D. Blades.

4

## DISCUSSION

### A. Jurisdiction to Consider Appeal

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)

Ordinarily, a certificate of probable cause is required to take an appeal after a plea of guilty or no contest. (Pen. Code, § 1237.5.) However, a defendant that pleads guilty may obtain appellate review of the validity of a search or seizure if, at some point prior to the conviction, the defendant moved for the return or suppression of evidence. (Pen. Code, § 1538.5, subd. (m).)

Here, Williams asserts that we have jurisdiction to review denial of his *Pitchess* motion pursuant to *People v. Collins* (2004) 115 Cal.App.4th 137, 151 (*Collins*), which holds that a *Pitchess* motion that is intertwined with litigating the legality of a search may be appealed pursuant to section 1538.5, subdivision (m). Williams notes that he filed his *Pitchess* motion in October 2020 and a motion to suppress in March 2021 and that "[b]oth motions make clear that Officer Cavanaugh's credibility was central to the defense argument that the detention in this case violated the Fourth Amendment."

The People do not dispute that Williams's appeal is proper under Penal Code section 1538.5, subdivision (m) and *Collins*. But "[b]ecause an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable." (*People v. Clark* (2021) 67 Cal.App.5th 248, 254.)

In *Collins*, the defendant's *Pitchess* motion sought information concerning officers' " 'illegal activities, improper tactics, dishonesty, planting evidence, improper search and seizure, and harassment' " because the defendant contended the officers " 'failed to follow search procedures[,] . . . tamper[ed] with evidence[,] acting without probable cause on an unreliable and bogus confidential letter that was destroyed by design.' " (*Collins*, *supra*, 115 Cal.App.4th at pp. 149–150.) On this basis the appellate court found that the *Pitchess* motion was sufficiently intertwined with the defendant's motion to suppress evidence to permit review pursuant to section 1538.5, subdivision (m). (See *Collins*, *supra*, 115 Cal.App.4th at p. 151.)

Here, Williams's *Pitchess* motion makes no mention of a planned motion to suppress. Instead, it states that Williams intends to use information sought in order to impeach Officer Cavanaugh "at trial." However, it does seek information pertaining to Officer Cavanaugh's "honesty and integrity," does recite the circumstances surrounding the search, and contends that Officer Cavanaugh was untruthful in his police report in reciting certain aspects of the detention leading to the search.

With the context of Williams's counsel's additional arguments at the *Pitchess* hearing, we conclude that the *Pitchess* motion was sufficiently related to the motion to suppress to support our jurisdiction. The motion to suppress questioned whether the officers had reasonable suspicion to detain Williams, and Officer Cavanaugh testified at the hearing on the motion to suppress about the grounds for the detention. Thus, had the *Pitchess* motion been successful and yielded evidence, the evidence so obtained could have been relevant to the motion to suppress.

**B. *Pitchess* Motion Procedure and Standard of Appellate Review**

While California law makes police personnel records presumptively confidential (Pen. Code, § 832.7), a defendant may request access to such records pursuant to section 1043 of the Evidence Code, part of the statutory scheme codifying the Supreme Court's ruling in *Pitchess*, *supra*, 11 Cal.3d 531. Section 1043 requires a written motion and supporting affidavit establishing, *inter alia*, "good cause" for the discovery sought and materiality to the subject matter in the pending litigation. (Evid. Code, § 1043, subds. (a), (b)(3).) The affidavit may be made by defense counsel on information and belief. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 89.) If good cause is shown, the trial court must undertake an in-chambers review of the officer's personnel records for material responsive to defendant's request. (Evid. Code, § 1045.) If responsive materials are present, they shall be disclosed to the defendant subject to conditions allowed and appropriate under, or required by, Evidence Code section 1045. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 (*Warrick*).)

We review a trial court's ruling on a Pitchess motion for abuse of discretion. (*People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 992.)

**C. Discussion**

A defendant seeking to establish "good cause" for the purposes of Evidence Code section 1043, subdivision (b)(3), must show "both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.]" (*Warrick*, *supra*, 35 Cal.4th at p. 1016.)

7

To show materiality, the defense counsel's affidavit must "propose a defense or defenses to the pending charges," and "articulate how the discovery sought may lead to relevant evidence or may itself be admissible direct or impeachment evidence [citations] that would support those proposed defenses." (*Warrick, supra*, 35 Cal.4th at p. 1024.) The affidavit must further "describe a factual scenario supporting the claimed officer misconduct." (*Ibid.*) "That factual scenario, depending on the circumstances of the case, may consist of a denial of the facts asserted in the police report." (*Id.* at pp. 1024–1025.)

At a hearing on a *Pitchess* motion, the trial court may consider the affidavit in context with other pertinent documents before it, including the police report and witness statements. (*Warrick, supra,* 35 Cal.4th at p. 1025.) The court then must determine whether the affidavit and other supporting documents "suffice to 'establish a plausible factual foundation' for the alleged officer misconduct and to 'articulate a valid theory as to how the information sought might be admissible' [in the proceedings at hand]. [Citation.]" (*Ibid.*)

"[A] plausible scenario of officer misconduct is one that might or could have occurred. Such a scenario is plausible because it presents an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges." (*Warrick, supra,* 35 Cal.4th at p. 1026.)

The trial court here abused its discretion in denying Williams's *Pitchess* motion. First, the trial court misinterpreted case law surrounding *Pitchess* motions as requiring that they seek evidence relevant to a substantive defense to the charged crime. Specifically, it faulted Williams for failing to deny involvement in the possession of narcotics or offer a non-culpable

8

explanation of his presence or conduct at the time of his detention, and noted that portions of the police report claimed as false were "not germane to a defense such as this as to being charged with possession of narcotics." Case law is clear that impeachment evidence is a proper target of a *Pitchess* motion. (*People v. Hustead* (1999) 74 Cal.App.4th 410, 416 (*Hustead*)).

Second, and relatedly, the trial court failed to apprehend the significance of the information requested to Williams's efforts to show that he was detained without reasonable suspicion. At the hearing, the trial court acknowledged that the only proper grounds for detaining Williams was the presence in the car of Tucker, a probationer subject to search conditions. Williams's counsel further elaborated on claims in her affidavit that Officer Cavanaugh could not see Tucker from the police cruiser, despite his contrary assertion in the police report. Specifically, she explained that when the cruiser pulled up parallel to Williams's parked car on the driver's side, Williams would have blocked Cavanaugh's view of Tucker because Williams was in the driver's seat and Tucker was in the passenger's seat. To this, the trial court responded "there's no way to disprove Cavanaugh's claim that from 15 feet away, shining a spotlight inside the car, that he couldn't see [Tucker]." However, it would not be Williams's burden in a later hearing to prove Officer Cavanaugh did not see Tucker. Rather, it would be the prosecution's burden to prove he did. (*People v. Bower* (1979) 24 Cal.3d 638, 644 [prosecution bears the burden to prove existence of reasonable suspicion].)[3]

---

[3] *People v. Bower*, *supra*, 24 Cal.3d 638, was abrogated on other grounds by constitutional amendment, as stated in *People v. Lloyd* (1992) 4 Cal.App.4th 724, 732–733.

Since only Officer Cavanaugh could testify as to what he actually saw under the circumstances, impeachment evidence impugning his credibilily would be both admissible and critical to Williams in mounting a defense. (Evid. Code, § 780, subd. (e).)

Third, and finally, the trial court held Williams to a higher standard than plausibility in denying his *Pitchess* motion. By the end of the hearing, the court understood Williams's position that his detention was pretextual and the police report contained false information to justify it, but denied the motion because it was unpersuaded that Officer Cavanaugh's statements were untruthful. The court acknowledged that Williams "might" have "a viable defense," but because Tucker was actually in the car, Cavanaugh's statement that he saw Tucker was not manifestly false. Had Tucker not in fact been in the car, the court explained, "that would be a different story." At the point the trial court acknowledged that Williams articulated a potentially viable defense (suppression of the evidence) based on a factual scenario that contradicted that set forth in the police report, Williams had carried his burden to show that specific police misconduct—filing a false police report—might have (i.e., "plausibly") occurred. Personnel records concerning Officer Cavanaugh's honesty and integrity are plainly material to establishing this defense and would be potential impeachment evidence.

For these reasons, the trial court should have granted Williams's motion and conducted an in camera review of Officer Cavanaugh's personnel records.[4]

## DISPOSITION

Accordingly, we order a limited remand pursuant to the procedures outlined in *Hustead, supra*, 74 Cal.App.4th at page 423. Specifically, we reverse the judgment conditionally and remand to the trial court to conduct an in camera hearing on the *Pitchess* motion as to all records of incidents bearing on Officer Cavanaugh's honesty and integrity, including accusations of lying, filing false police reports, fabricating admissions, confessions or other evidence, perjury, theft, fraud, misrepresentations, illegal coverups, or malfeasance. If there is no discoverable information in the file, then the trial court is ordered to reinstate the original judgment and sentence, and the judgment is ordered affirmed. If, however, there is relevant discoverable information in Officer Cavanaugh's file, Williams should be given an opportunity to determine if the information would have led to any relevant, admissible evidence that he could have presented in support of the suppression motion or at trial. If Williams demonstrates that he was prejudiced by the denial of

---

[4] We acknowledge that the trial court's job was made more difficult in this instance because the actual police report containing the allegedly false statements was not attached to Williams's motion. In addition, key information—both factual (e.g., positioning of the vehicles) and argumentative (e.g., that detention was pretextual)—was presented for the first time at oral argument. The trial court's willingness to expand the record at the hearing contributed substantially to creating an adequate record for our review and decision.

the discovery, the trial court should permit Williams to renew his suppression motion, with a backup trial if denied.  If he does not demonstrate prejudice, then his conviction is ordered reinstated and the judgment is ordered affirmed.


                              HARUTUNIAN, J.*

We concur:



        STRATTON, Acting P. J.



        WILEY, J.

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


12